(No. 49925.—

*In re* TONI CAROLE BAKER, a Minor.—(The People of the State of Illinois, Appellee, v. Toni Carole Baker, a Minor, Appellant.)

*Opinion filed May 16, 1978.*

481

KLUCZYNSKI, J., took no part.

Richard J. Wilson, Deputy Defender, of the Office of the State Appellate Defender, of Springfield (Edward R. Green, Assistant Defender, of counsel), for appellant.

William J. Scott, Attorney General, of Springfield (Donald B. Mackay, Melbourne A. Noel, Jr., and Timothy B. Newitt, of Chicago, Assistant Attorneys General, of counsel), for the People.

MR. JUSTICE UNDERWOOD delivered the opinion of the court:

Because she repeatedly ran away from home, the 14-year-old respondent in this juvenile proceeding was, on September 8, 1976, adjudged by the circuit court to be a "minor otherwise in need of supervision" as defined in section 2—3 of the Juvenile Court Act (Ill. Rev. Stat. 1975, ch. 37, par. 702—3). Her care and custody were transferred to the Department of Children and Family Services, which placed her in the Cunningham Children's Home in Champaign County. After she had been absent from the home without leave, the court entered a further order specifying "that any further unauthorized absence from Cunningham Children's Home by respondent minor will result in finding that she is in contempt of this Court." Respondent again left the home, and on June 9, 1977, a petition for a rule to show cause why she should not be held in contempt was filed. She moved to dismiss on the ground that the exclusive remedy for violation of a court order was a further proceeding under section 2—3(d). The trial judge held that sections 2—2(b) and 2—3(d) of the Act were unconstitutional legislative attempts to abridge the court's contempt powers, held respondent in contempt, adjudged her for that reason delinquent, and placed her on probation. The case comes directly here on appeal pursuant to our Rule 302(a). 58 Ill. 2d 302(a).

Respondent relies on sections 2—2 and 2—3, which provide:

> "Sec. 2—2. Delinquent Minor. Those who are delinquent include any minor who prior to his 17th birthday has violated or attempted to violate, regardless of where

the act occurred, any federal or state law or municipal ordinance; and (b) prior to January 1, 1974, any minor who has violated a lawful court order made under this Act.

Sec. 2—3. Minor Otherwise in Need of Suprevision. Those otherwise in need of supervision include \*\*\* (d) on or after January 1, 1974, any minor who violates a lawful court order made under this Act." Ill. Rev. Stat. 1975, ch. 37, pars. 702—2, 702—3.

The State contends the Juvenile Court Act and the contempt power are not mutually exclusive and that the circuit court's use of the contempt power was appropriate as an alternative to the remedy provided in the Act. Respondent now concedes that sections 2—2 and 2—3 of the Act provide a remedy in addition to, rather than the exclusion of, the contempt power. She contends, however, that the contempt power was inappropriately used here and that the finding of delinquency cannot stand under the specific definition of a "delinquent" provided in section 2—2 of the Act.

The Juvenile Court Act originally provided that a minor who violated a court order was delinquent. (Ill. Rev. Stat. 1965, ch. 37, par. 702—2.) The Act was amended so that a minor violating a court order on or after January 1, 1974, was not a delinquent but a minor otherwise in need of supervision. (Ill. Rev. Stat. 1973, ch. 37, pars. 702—2(b), 702—3(d).) It is clear from the language of these sections and the council commentary that the intent of the legislature in so amending the statute was to permit a finding of delinquency only where a minor had actually violated or attempted to violate a "federal or state law or municipal ordinance" (Ill. Rev. Stat. 1975, ch. 37, par. 702—2; see Ill. Ann. Stat., ch. 37, par. 702—2, Council Commentary, at 59-60 (Smith-Hurd Supp. 1978)), and to eliminate the former possibility that a minor would be declared a delinquent solely because a court order had been disobeyed.

It is equally clear that the amendments did nothing to deprive the circuit courts of the use of their contempt powers to enforce supervision orders. The council commentary to the amended section 2—2 states:

> "The juvenile court under the Juvenile Court Act has the power to enforce its orders by detaining a juvenile in an appropriate local facility until arrangements can be made or assurances given that its orders will be complied with. Ill. Rev. Stat., ch. 37, sec. 703—1(2).
>
> There is also inherent power in the juvenile court to deal with persons in contempt. See Annotation, 8 ALR [1548], 54 ALR 321, 73 ALR 1185, [77] ALR 2d 1004. Such persons may be confined in a local detention facility to enforce compliance with court orders." (Ill. Ann. Stat., ch. 37, par. 702—2, Council Commentary, at 60 (Smith-Hurd Supp. 1978).)

A court is vested with inherent power to enforce its orders and preserve its dignity by the use of contempt proceedings. (*People v. Javaras* (1972), 51 Ill. 2d 296, 299; *People v. Loughran* (1954), 2 Ill. 2d 258, 262.) Because such power inheres in the judicial branch of government, the legislature may not restrict its use. (*People ex rel. Rusch v. White* (1929), 334 Ill. 465, 484; *People ex rel. Martin v. Panchire* (1924), 311 Ill. 622, 625.) That limitation upon legislative action does not, however, preclude the legislature from providing an alternative statutory solution, and that, in our opinion, is the effect of sections 2—2(b) and 2—3(d). Therefore, the circuit court erred in finding these sections of the Juvenile Court Act unconstitutional.

While not now disputing the existence of the contempt power, respondent urges its exercise in the circumstances of this case was unnecessary and erroneous. Her thesis is that since the legislature decided to provide a particular remedy for the violation of a court order, its decision should be respected. Respondent notes that the court's solution to the runaway problem—placing her on probation with the Department—could have been as well

accomplished by proceeding under section 5—2(1)(b)(1) (Ill. Rev. Stat. 1975, ch. 37, par. 705—2(1)(b)(1)). The flaw in this argument is the fact that respondent agrees that the alternative procedures are available to the court. Since the contempt power exists and there is a factual basis for that holding, the order cannot be said to be erroneous simply because an alternative route to the same objective was available. The trial court made a specific finding that the alternative remedy was "without sufficient deterrent effect," and respondent has presented nothing which convinces us of any impropriety in that finding.

Finally, respondent contends that the circuit court had no authority to adjudge her delinquent under the Juvenile Court Act solely because she had been held in contempt for violating the court's order. As previously noted, the definition of "delinquent" found in section 2—2 of the Act includes only those who violate statutory law. We have been cited to no authority, and we know of none, which indicates any constitutional impermissibility in that legislative limitation. Juvenile contemnors, civil or criminal, may be punished for their contumacy, but the court clearly cannot use a contempt finding as a basis for an adjudication of delinquency under the valid and unambiguous terms of the Juvenile Court Act.

Accordingly, the judgment of the circuit court of Champaign County is affirmed insofar as it relates to contempt; the adjudication of delinquency is reversed.

*Affirmed in part and*
*reversed in part.*

MR. JUSTICE KLUCZYNSKI took no part in the consideration or decision of this case.