90 Ill. App.3d 800 (1980)
414 N.E.2d 209
In re T.V.P., a Minor.  (THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee,
v.
T.V.P., a/k/a T.V.W., Respondent-Appellant.)
No. 16061.
Illinois Appellate Court  Fourth District.
Opinion filed December 2, 1980.
Daniel D. Yuhas and Gary R. Peterson, both of State Appellate Defender's Office, of Springfield, for appellant.
Thomas J. Difanis, State's Attorney, of Urbana (Gary J. Anderson and Larry Wechter, both of State's Attorneys Appellate Service Commission, of counsel), for the People.
Reversed and remanded.
Mr. JUSTICE GREEN delivered the opinion of the court:
Respondent T.V.P., a 16-year-old minor, appeals from judgment of the circuit court of Champaign County entered on December 10, 1979, finding her in indirect criminal contempt of court, and January 11, 1980, sentencing her to 12 months' probation. The probation order was subject to respondent serving 60 days' imprisonment in the county youth detention center and attending school. We deem the procedure by which she was held to have been in contempt of court to have been improper and accordingly reverse her conviction and sentence.
Prior to the contempt proceeding, on May 17, 1979, respondent had been found to be a minor in need of supervision because of her habitual truancy and was placed, for a period of one year, under a supervisory order requiring her to attend school. Subsequently, various documents *801 were filed in court advising the court that she was not complying with the requirement that she attend school. A petition for entry of a rule upon her to show cause why she should not be held in contempt for her disobedience of the supervisory order was then filed. The judgments appealed were entered pursuant to that petition and the rule.
 1 In our recent case of In re G.B. (1980), 88 Ill. App.3d 64, we permitted a finding of indirect criminal contempt against a juvenile for a similar violation of a supervisory order. We followed the rationale of In re Baker (1978), 71 Ill.2d 480, 376 N.E.2d 1005, that the criminal contempt procedure is an alternate method of sanction that may be followed for a wilful violation by a subject minor of a court order in a juvenile proceeding. However, when the contempt route is used, all of the requirements of an indirect criminal contempt proceeding must be followed. People v. Javaras (1972), 51 Ill.2d 296, 281 N.E.2d 670.
 2 Here, the petition did not allege that the respondent's conduct was wilful, although the rule to show cause entered therein did so describe the conduct. The minor admitted the allegations of the rule to show cause, and upon being asked if she had in fact missed school without excuse and without being excused, she answered in the affirmative. However, rather than advising her of the actual consequences of being found in criminal contempt before accepting her admissions, the court advised her that upon being found guilty of the contempt she might be made a ward of the court and be removed from the family home. The court also advised her that the State's burden of proof would be proof by a preponderance of the evidence. The necessary admonishment prerequisite to the court's acceptance of an admission of guilt to a charge of indirect criminal contempt of court was not met.
Accordingly, we reverse the contempt finding and sentence and remand to the trial court. We call attention to the failure of the present petition to allege respondent's acts to have been wilful. We also note that in In re G.B. we held that a contempt sanction of probation for a juvenile already subject to a supervisory order should seldom be imposed.
Reversed and remanded.
WEBBER, J., concurs.
Mr. JUSTICE CRAVEN, specially concurring:
I agree that this case must be reversed. I would not and we should not remand.
The trial court, by use of contempt, seeks to convert truancy into conduct for which a minor may be imprisoned. That is a form of legislation. In re Baker cannot be stretched that far. A minor in need of *802 supervision should not be incarcerated by the use of contempt when the underlying charge for which supervision was ordered does not permit of imprisonment. I agree with the majority that the contempt powers should be sparingly used but I do not agree that the order here is valid.