[No. 22007-5-II.    Division Two.    August 28, 1997.]
*In the Matter of the Welfare of K.L.*

*Mary E. Holt-Perkins*, for appellant (appointed counsel for appeal).

*Margaret E. Baran*, for respondent.

HOUGHTON, C.J. — K.L. appeals a Pierce County Juvenile Court order finding her in contempt and imposing a sanction of seven days detention at a juvenile facility. K.L. contends that the juvenile court erred in imposing a punitive sanction in the absence of an information charging criminal contempt. We agree and reverse.

## FACTS

K.L. is a juvenile born on September 25, 1982. Pursuant to the Family Reconciliation Act, chapter 13.32A RCW, K.L.'s mother filed a Petition for At-Risk Youth in the juvenile court. The court appointed counsel to represent K.L. The juvenile court determined that K.L. was an at-risk youth and entered a disposition order requiring K.L. to abide by certain rules. The court, both verbally and in writing, advised K.L. that violations of the at-risk disposition order could result in contempt sanctions of up to seven days detention per violation.

K.L. failed to abide by the rules of the ARY (At-Risk Youth) order. K.L.'s mother filed a motion seeking an order of contempt for K.L.'s disobedience. RCW 13.32A.250(5). She alleged that K.L. engaged in runaway behavior, shoplifted from Mervyn's Department Store, and disobeyed the rules of her placement by smoking and leaving the placement without permission.

At a hearing on the contempt motion, K.L. stipulated through counsel that her acts constituted contempt. Citing *State v. Buckley,* 83 Wn. App. 707, 924 P.2d 40 (1996), however, she argued that since no information was filed, the contempt proceeding was civil, and she should be allowed to purge the contempt. The juvenile court imposed seven days detention with no opportunity to purge. It is agreed this was a punitive sanction. A superior court judge sitting in the Juvenile Division denied revisions and K.L. now appeals.[1]

---

[1]K.L. filed a notice of discretionary review. This court converted the matter to an appeal, entered a stay of proceedings and accelerated the matter for oral argument. RAP 5.1(c), RAP 8.1(b)(3), RAP 18.8, RAP 18.12.

ANALYSIS

RCW 13.32A.250 provides in subsection (2) that failure to comply with the conditions of an ARY order "is a contempt of court as provided in chapter 7.21 RCW." K.L. contends that the quoted language embraces the totality of RCW 7.21, both procedurally and substantively. Therefore, K.L. asserts that in order to obtain a determinate punitive sanction for the violation of an ARY order, the prosecutor must file an information seeking criminal contempt. See RCW 7.21.040(2)(a). Relying upon *Buckley*, 83 Wn. App. 707, *King v. Department of Soc. & Health Servs.*, 110 Wn.2d 793, 756 P.2d 1303 (1988), and *State v. Boatman*, 104 Wn.2d 44, 700 P.2d 1152 (1985), K.L. argues that the juvenile court may not impose a punitive sanction of seven days for her stipulated violations of the ARY order because no information was filed in her case.

The State counters that RCW 13.32A.250 supplements RCW 7.21 and does nothing more than maintain the long-standing authority of the juvenile court to exercise its contempt powers to force juveniles under its jurisdiction to comply with the court's orders. *State v. Norlund*, 31 Wn. App. 725, 644 P.2d 724 (1982). Consistent with this argument, the State contends that the RCW 13.32A.250(2) language, that disobedience of an ARY order is contempt of court "as provided" in chapter 7.21 RCW, should be read as, "as defined" in chapter 7.21 RCW.

█ Initially, we are not persuaded by the argument that the term "as provided" in chapter 7.21 RCW is tantamount to saying disobedience is contempt "as defined" in chapter 7.21 RCW. As we observed in *Buckley*, the legislative history of RCW 13.32A.250 indicates an intention to incorporate all seven sections of chapter 7.21 RCW. *Buckley*, 83 Wn. App. at 712-13; Laws of 1989, ch. 373. In our judgment, the term "as provided" incorporates the totality of Title 7.21 RCW.

Nor are we persuaded by Respondent's reliance upon *Norlund*. *Norlund* was decided before any of the statutes

at issue were enacted. In fact, the law has changed significantly since *Norlund* was decided. K.L. correctly asserts that the recodification of RCW 7.21 (formerly RCW 7.20) created more specific and structured provisions for contempt. Our decision in *Buckley* articulates the current differences between civil and criminal contempt. *Buckley*, 83 Wn. App. at 711.

█ █ In summary, a sanction is civil if the contemnor can purge the contempt by performing an act within the contemnor's power to perform (contemnor has the keys to the jail, so to speak). But, if a sanction is determinate and imposed to punish a past disobedience, the contempt is criminal. A punitive or criminal sanction may be imposed when the prosecutor files an information reciting the sanction sought to be imposed. RCW 7.21.040(2)(a); *Buckley*, 83 Wn. App. at 711. In *King*, 110 Wn.2d at 800-01, the Supreme Court concluded the contempt provisions of RCW 13.34.165(2), which at the time was identical in all significant respects to RCW 13.32A.250, were punitive and criminal. Here, the parties agree that the sanction imposed by the juvenile court is determinate and punitive.

█ Disobedience of an ARY order is contempt as provided in RCW 7.21. RCW 13.32A.250(2). RCW 7.21 provides for two types of contempt relevant here. Both types of contempt are defined by well settled law. We hold that RCW 13.32A.250, as it is now codified, requires the filing of an information by the prosecutor in order for the juvenile court to impose a determinate punitive sanction for the violation of an ARY order.[2]

Reversed.

MORGAN, J., and ALEXANDER, J. Pro Tem., concur.

---

[2]We note that the Legislature remains free to amend the statute to require otherwise.