[No. 40420-2-I.    Division One.    September 15, 1997.]

*In the Matter of the Interest of* A.D.F.

A.D.F., *Appellant*, v. THE STATE OF WASHINGTON, *Respondent*.

22

*Gregory C. Link* and *Elise Gautama* of *Washington Appellate Project,* for appellant.

*James H. Krider, Prosecuting Attorney,* for respondent.

*Linda Fox,* pro se.

PER CURIAM. — The Family Reconciliation Act (FRA) authorizes a court to impose conditions of supervision upon a juvenile found to be "at risk."[1] A child who violates the conditions may be found in contempt and confined for up to seven days.[2] The contempt proceedings may be initi-

[1] RCW 13.32A.196.

[2] RCW 13.32A.250(2), (3).

ated by motion filed by a parent.[3] The issue before us is whether due process requires that an information charging contempt be filed by the State before a court can impose a punitive sanction under the FRA. We answer this question in the affirmative and reverse.

The court found A.D.F. to be an "at risk youth" under RCW 13.32A.030(2)(b).[4] The court ordered A.D.F. to regularly attend school and to return to her mother's home after school. Her mother initiated contempt proceedings by filing a motion, wherein she alleged her daughter missed school and did not return home. A.D.F. did not contest her mother's allegations. Instead, she argued that if the court were to find her in civil contempt, it must give her an opportunity to purge the violations before confining her. She also contended the trial court could not impose detention for criminal contempt because the prosecutor did not file an information charging that offense. The court disagreed and imposed 14 days detention, seven days for each of the two violations.[5]

On appeal, A.D.F. argues her due process rights were violated because she was found guilty of and punished for criminal contempt without first being charged with that offense by an information filed by the prosecutor. We agree.

## Mootness

A preliminary issue is whether we should reach the merits of this case. A.D.F. has served her confinement. Therefore, her case is moot because we can no longer

---

[3]RCW 13.32A.250(5).

[4]According to that provision, an "at risk youth" is a juvenile "[w]ho is beyond the control of his or her parent such that the child's behavior endangers the health, safety, or welfare of the child or any person[.]"

[5]A.D.F. challenges the court's authority to impose such a sentence on the ground the statute permits "confinement for up to seven days . . . for contempt of court under this section." RCW 13.32A.250(3). Because we reverse the court's order, we do not reach this issue.

provide her effective relief.[6] Nevertheless, a moot case may be decided if it involves a matter of continuing and substantial public interest.[7] In determining whether an issue involves a sufficient public interest, we consider the public or private nature of the question, the need for future guidance provided by an authoritative determination, and the likelihood of recurrence.[8]

The instant question meets each of these criteria. The public nature of the issue and its frequency of recurrence is evidenced by the number of cases involving the same issue pending in this court.[9] In addition, the statutory scheme and its practical implementation indicate the need for a decision clarifying the significant differences between civil and criminal contempt. Therefore, although technically moot, we will address the issue.

### Criminal vs. civil contempt

A.D.F. argues the juvenile court's contempt powers under RCW 13.32A.250 are criminal rather than civil in nature. That statute provides:

(2) Failure by a party to comply with an order entered under this chapter is a contempt of court *as provided in chapter 7.21 RCW*, subject to the limitations of subsection (3) of this section.

(3) The court may impose a fine of up to one hundred dollars and confinement for up to seven days, or both for contempt of court under this section.

(Emphasis added.)

In *In re K.L.*, 87 Wn. App. 574, 942 P.2d 1052

[6]*Dunner v. McLaughlin*, 100 Wn.2d 832, 838, 676 P.2d 444 (1984).

[7]*In re Detention of R.S.*, 124 Wn.2d 766, 770, 881 P.2d 972 (1994).

[8]*In re Swanson*, 115 Wn.2d 21, 24-25, 804 P.2d 1 (1990).

[9]*In re K.S.*, 39602-1; *In re J.W.*, 39601-3; *In re J.R.E.*, 41066-1 (King County); *In re J.N.*, 40194-7; *In re D.L.*, 40200-5; *In re I.D.*, 40432-6 (Whatcom County); *In re J.A.*, 40416-4 (Snohomish County). Division Two has recently addressed the same issue in *In re K.L.*, 87 Wn. App. 574, 942 P.2d 1052 (1997).

(1997), Division Two held the emphasized language should be read as incorporating the substantive and procedural totality of RCW 7.21, Washington's general contempt statute.[10] We agree with that analysis. The Legislature added the emphasized language to recognize the enactment of RCW 7.21.[11] In fact, the noncodified portion of the provision stated "as provided in chapter 7.[21] — RCW (sections 1 through 7 of this act)."[12] In *K.L.*, the court concluded that noncompliance with an "at risk youth" order was contempt under RCW 7.21.[13] This conclusion is sound and recognizes the rule that, in determining the intent of the Legislature, a court should give meaning to all the language of a statute.[14] Therefore, because RCW 13.32A.250 incorporates RCW 7.21, a court must follow the dictates of the latter statute when considering allegedly contemptuous behavior by an "at risk youth."

■ ■ RCW 7.21 provides for both criminal and civil contempt.[15] It defines a "punitive," or criminal, sanction as one imposed to punish a past act for the purpose of upholding the authority of the court.[16] A "remedial sanction," on the other hand, is punishment imposed to coerce performance "when the contempt consists of the omission or refusal to perform an act that is yet in the person's power to perform."[17] These definitions are consistent with case law. In determining whether a contempt sanction is criminal or civil, we examine the substance of the proceeding and the character of the relief to be afforded. If the

---

[10]*In re K.L.*, 87 Wn. App. at 577.

[11]*In re K.L.*, 87 Wn. App. at 577; LAWS OF 1989, ch. 373, § 16.

[12]LAWS OF 1989, ch. 373, § 16, p. 1946; *see State v. Buckley*, 83 Wn. App. 707, 712-13, 924 P.2d 40 (1996) (discussing historical interrelationship between the contempt provisions of RCW 7.21 and RCW 13.32A.250).

[13]87 Wn. App at 577.

[14]*State v. Hudson*, 85 Wn. App. 401, 403, 932 P.2d 714 (1997).

[15]*State v. Buckley*, 83 Wn. App. at 712.

[16]RCW 7.21.010(2).

[17]RCW 7.21.010(3).

purpose of the sanction is punitive and results in a determinate jail sentence with no opportunity for the contemnor to purge himself of the contempt, it is criminal. If the purpose is to coerce compliance with a lawful court order, and a contemnor is jailed only so long as he fails to comply with such order, the contempt is civil.[18]

■ ■ A court may not impose a punitive sanction for contempt unless the State files a complaint or information alleging the offense.[19] The statute also contemplates a trial of the contemnor.[20] In A.D.F.'s case, the court imposed a determinate period of detention based on past violations of its "at risk youth" order without providing her an opportunity to purge the contempt. Under the above definitions, the court's sanction was punitive and based on a finding of criminal contempt. Because the proceedings were initiated by a motion filed by A.D.F.'s mother rather than a criminal information filed by the State, they did not comport with due process guarantees to which accused offenders are entitled. Therefore, we reverse the court's finding of contempt and resulting punishment.

---

[18]*In re Marriage of Haugh*, 58 Wn. App. 1, 6, 790 P.2d 1266 (1990) (citing *In re Personal Restraint of King*, 110 Wn.2d 793, 799, 756 P.2d 1303 (1988) and *State ex rel. Herron v. Browet, Inc.*, 103 Wn.2d 215, 218, 691 P.2d 571 (1984)).

[19]RCW 7.21.040(2)(a); *King*, 110 Wn.2d at 800 (court may not impose criminal contempt sanction under parallel dependency provision (RCW 13.34.165(2)) unless contemnor has been afforded those due process rights extended to other criminal defendants).

[20]*State v. Hobble*, 126 Wn.2d 283, 292-93, 892 P.2d 85 (1995).