[Nos. 41166-7-I; 41560-3-I. Division One. January 19, 1999.]

*In the Matter of the Truancy of* JENNIFER PERKINS, *Appellant,* and THE STATE OF WASHINGTON, *Respondent.*

*In the Matter of the Truancy of* JAMIE PERKINS, *Appellant,* and THE STATE OF WASHINGTON, *Respondent.*

*Christopher Gibson* of *Nielsen, Broman & Associates, P.L.L.C.*, for appellants.

*James H. Krider, Prosecuting Attorney*, and *Seth Aaron Fine, Deputy*, for respondent.

APPELWICK, J. — Because an initial truancy hearing is civil in nature, and because no significant liberty interest is at stake, litigants are not entitled to appointed counsel at an initial truancy hearing. Under the pre-1998 language of RCW 7.21.030, the trial courts are entitled to order punitive contempt for failure to comply with an order of truancy.

## FACTS

Jennifer and Jamie Perkins were students in middle school but had missed nearly every day when the school filed a truancy petition against them. The court entered an order requiring both girls to attend school full time and without unexcused absences. When they failed to return to school, the school filed a contempt motion against both girls. Counsel was appointed for each of them at the contempt hearing. The court found both girls in contempt and sentenced each of them to seven days detention, suspended upon the girls' complying with the truancy order. The court set a review hearing for two weeks out. There followed a series of seven more review hearings over the next five months. Jamie eventually served a total of two days in detention and five days in the PASS program. Jennifer eventually served a total of 14 days in detention and 7 days in the PASS program.

The Perkins raised the issue of the right to appointed counsel in a challenge to the truancy statute. The Snohomish County Superior Court combined this challenge with

the cases of 11 other juveniles. The Superior Court held that because no right to counsel attaches unless the possibility of detention arises, and because detention is not available at an initial truancy hearing, appointed counsel is not required at an initial truancy petition hearing. Appellants appeal that order. The girls also appeal the contempt orders to which they were subject.

## ANALYSIS

 A trial court's finding of contempt is reviewed for abuse of discretion. *King v. Department of Soc. & Health Servs.*, 110 Wn.2d 793, 798, 756 P.2d 1303 (1988). A finding of contempt will be upheld as long as a proper basis can be found. *State v. Hobble*, 126 Wn.2d 283, 292, 892 P.2d 85 (1995). A trial court's conclusion of law is reviewed de novo. *State v. Williams*, 96 Wn.2d 215, 220, 634 P.2d 868 (1981).

Procedural Issues

██ ██ The issues presented are technically moot, as the order to abate truancy has been lifted, both girls have served the detention time imposed under the contempt order, and this court can therefore no longer provide them effective relief. However, "[a] moot case may be decided if it involves a matter of continuing and substantial public interest." *In re Interest of A.D.F.*, 88 Wn. App. 21, 24, 943 P.2d 689 (1997); *In re Detention of R.S.*, 124 Wn.2d 766, 770, 881 P.2d 972 (1994). In determining whether an issue involves a sufficient public interest, the court considers the public or private nature of the question, the need for future guidance provided by an appellate court's decision, and the likelihood of recurrence. *In re Interest of A.D.F.*, 88 Wn. App. at 24; *In re Detention of Swanson*, 115 Wn.2d 21, 24-25, 804 P.2d 1 (1990). This case meets those criteria. As evidence of the likelihood of recurrence, we need only point to the fact that the Snohomish County Superior Court combined 13 cases to address various issues in the truancy statute, including the appointment of counsel. Trial courts could benefit from guidance on the issue. Given that deten-

tion for contempt is limited to seven days, the issue will always escape review, absent a stay of proceedings. We will therefore review this case on its merits.

■ The appellants' notices of appeal do not include any of the various Orders of Contempt to which they assign error in their briefs. The State argues that the issues regarding contempt are therefore beyond the scope of this appeal, pursuant to RAP 2.4(b). Appellants urge the court to apply RAP 18.8(a) to waive RAP 2.4 "in order to serve the ends of justice." This court has held that "[t]he purpose of a notice of appeal is to notify the adverse party that an appeal is intended." *State v. Olson*, 74 Wn. App. 126, 128, 872 P.2d 64 (1994), *aff'd*, 126 Wn.2d 315, 893 P.2d 629 (1995). Appellants' briefs set forth assignments of error, arguments on the issues raised and reference to legal authority. The State's brief addresses the contempt issues which appellants raise; the State will not be unduly prejudiced by this court's decision to review the contempt issues raised in appellants' briefs. Review of those issues will best serve the interests of justice. We will therefore reach the merits of the contempt issues.

Right to Appointed Counsel at Truancy Hearing

Appellants argue that they are entitled to appointed counsel at the initial hearing on a truancy petition.[1] They claim that RCW 28A.225.035(6), which provides that a child respondent in a truancy petition has no right to counsel at the initial hearing, is unconstitutional because it does not comply with due process requirements.

■ A truancy petition is a civil matter. RCW 28A.225.030(1). The right to appointed counsel in a civil case depends on whether the individual will be deprived of a fundamental liberty interest. In support of their argument that they are entitled to appointed counsel at an initial truancy hearing, appellants cite *In re Welfare of Lu-*

---

[1]Appellants were represented by appointed counsel at every contempt hearing. Right to counsel where detention is an imminent possibility is not at issue in this case.

*scier,* 84 Wn.2d 135, 139, 524 P.2d 906 (1974) (parent in a proceeding to terminate parental rights is entitled to appointed counsel); *In re Welfare of Myricks,* 85 Wn.2d 252, 255, 533 P.2d 841 (1975) (parent entitled to appointed counsel in a dependency proceeding that only temporarily removes a child from the parent but has a substantial likelihood of eventually leading to termination of parental rights); and *State v. Santos,* 104 Wn.2d 142, 147-48, 702 P.2d 1179 (1985) (child has a fundamental interest in knowing its parentage and is thus entitled to representation in paternity proceedings).

Appellants compare the rights at stake in an initial truancy proceeding to the fundamental interests in the cases above. Such a comparison is unfounded. RCW 28A.225.090(1) provides that a court may order a child subject to a truancy petition to: attend the child's current school or other public school, attend a private ·school, be referred to a community truancy board, or submit to drug and/or alcohol testing.[2] Appellants claim that these limitations on a child's liberty are of such fundamental import as to require the due process protection of appointed counsel. In civil cases, "[a]bsent special statutory guarantees, the appointment of counsel is constitutionally required only when procedural fairness demands it." *Tetro v. Tetro,* 86 Wn.2d 252, 253, 544 P.2d 17 (1975). The courts have found no right to appointed counsel in drivers' license revocation proceedings *(Wolf v. Department of Motor Vehicles,* 27 Wn. App. 214, 220, 616 P.2d 688 (1980)); no right to appointed counsel in child support proceedings *(Tetro,* 86 Wn.2d at 255 n.1); no right to appointed counsel in unlawful detainer actions *(Housing Auth. v. Saylors,* 87 Wn.2d 732, 742, 557 P.2d 321 (1976)); no right to appointed counsel where only financial interests are at stake, such as worker compensation appeals *(In re Dependency of Grove,* 127 Wn.2d 221, 238, 897 P.2d 1252 (1995)). At the initial

---

[2]RCW 28A.225.090(1)(e), allowing the court to order a juvenile to submit to drug and alcohol assessment and treatment, was enacted after the petition was filed in appellants' case and is therefore inapplicable in the case at bench.

truancy hearing, appellants were potentially subject to an order requiring them to attend school, change schools, or appear before a community truancy board, whose role is to work with truants to find methods and incentives to abate the truancy. These potential limitations on appellants' liberty do not rise above the level of an interest in keeping a roof over one's head, nor do they rise to the level of the creation or termination of a parent-child relationship. The liberty interest at stake in initial truancy petition hearings does not require the due process of appointed counsel.

Contempt Provisions of the Truancy Statute

As an initial matter, appellants urge this court to consider the Legislature's 1998 amendment to RCW 7.21.030, the remedial contempt statute, which authorizes a remedial sanction for violations of orders entered pursuant to the truancy statute. RCW 7.21.030(2)(e). We decline the invitation. We review the law as it existed and was applied to appellants.

Even in the absence of the above change in the contempt statute, appellants argue that a contempt order issued under chapter 28A.225 RCW is civil in nature. RCW 28A.225.090(2) provides:

> If the child fails to comply with the court order, the court may order the child to be punished by detention, as provided in RCW 7.21.030(2)(e), or may impose alternatives to detention such as community service. Failure by a child to comply with an order issued under this subsection shall not be punishable by detention for a period greater than that permitted pursuant to a civil contempt proceeding against a child under chapter 13.32A RCW.[3]

Appellants argue that the reference to "civil contempt" and "chapter 13.32A RCW" limit both the type and amount

---

[3]RCW 28A.225.090(2) does not refer directly to "contempt," but instead refers to "[f]ailure by a child to comply with an order issued under this subsection . . . ." However, RCW 7.21.010(1)(b) defines "contempt of court" as "[d]isobedience to any lawful judgment, decree, order, or process of the court." Thus, RCW 28A.225.090(2) is a contempt provision.

of punishment that may be imposed for contempt under the truancy statute. They argue that the court is limited to imposing civil contempt and cannot order criminal contempt. They further argue that this civil contempt must be limited to a maximum of seven days, the time limit provided in RCW 13.32A.250. A court imposing civil contempt must provide the contemnor an opportunity to purge the contempt. Thus, appellants argue, a contempt order pursuant to RCW 28A.225.090(2) must provide an opportunity to avoid detention by subsequent compliance. Appellants argue that some of the contempt orders entered against them did not comply with statutory requirements, because the court did not provide them an opportunity to purge the contempt by promising to attend school.

■■ ■■ Such a reading of RCW 28A.225.090(2) is contrary to the plain language of the statute and, in cases where a truant time after time promises to attend school but fails to do so (as was the case here), would render contempt an empty threat. The phrase "greater than that permitted pursuant to a civil contempt proceeding against a child under chapter 13.32A RCW" modifies only the period of detention. Appellants' position requires this court to reread the statute to instead provide "[f]ailure by a child to comply with an order issued under this subsection shall be punishable as civil contempt for a period no greater than that permitted pursuant to a civil contempt proceeding against a child under chapter 13.32A RCW." That is not the language the Legislature enacted.

The distinction between remedial and punitive contempt is found in chapter 7.21 RCW. RCW 7.21.010 (2) and (3) provide:

(2) "Punitive sanction" means a sanction imposed to punish a past contempt of court for the purpose of upholding the authority of the court.

(3) "Remedial sanction" means a sanction imposed for the purpose of coercing performance when the contempt consists of omission or refusal to perform an act that is yet in the person's power to perform.

"If the purpose of the sanction is punitive and *results in a determinate jail sentence* with no opportunity for the contemnor to purge himself of the contempt, it is criminal." *In re Interest of A.D.F.*, 88 Wn. App. 21, 25-26, 943 P.2d 689 (1997) (emphasis added). A determinate sentence is therefore a punitive, or criminal, contempt pursuant to RCW 7.21. Civil contempt, by definition, cannot be determinate. Appellants urge an interpretation of the truancy statute which creates a determinate, thus punitive, sanction for a civil contempt, rendering the contempt provision of RCW 28A.225.090(2) unenforceable.

The State Supreme Court has interpreted similar language to create a criminal, not a civil, sanction. In *King v. Department of Soc. & Health Servs.*, 110 Wn.2d 793, 756 P.2d 1303 (1988), King was jailed for contempt for violation of the juvenile dependency statute. RCW 13.34.165 provided in part:

(1) Failure by a party to comply with an order entered under this chapter is punishable as contempt.

(2) Contempt under this section is punishable by confinement for up to seven days.

The courts look to the substance of the proceeding and the character of the relief sought to determine whether a particular contempt sanction is civil or criminal. *King*, 110 Wn.2d at 799. The court in *King* cited *State v. Browet, Inc.*, 103 Wn.2d 215, 218, 691 P.2d 571 (1984) for the proposition that:

If the purpose of the contempt sanction is punitive and results in a determinate jail sentence, with no opportunity for the contemnor to purge himself of the contempt, it is criminal. If the purpose of the sanction is to coerce compliance with a lawful court order, and a contemnor is jailed only so long as he fails to comply with such order, then the contempt is civil.[4]

The court concluded that the contempt provision of RCW

---

[4]Although *King* predates by one year the adoption of RCW 7.21, the statute codifies this analysis of the distinction between civil and criminal contempt. *King* continues, therefore, to be good law on this point.

13.34.165(2) is punitive, and thus criminal, in nature. *King*, 110 Wn.2d at 800-01. "By its own terms, the provision is directed toward 'punishment,' not coercion." *Id.* at 801. The truancy statute, RCW 28A.225.090(2), provides that failure to obey the court's order may be "punished by detention." The statute does not require detention. But where the court imposes detention for failing to comply with a truancy order, the period of detention is determinate, as in RCW 13.34.165(2). Where detention is imposed under RCW 28A.225.090(2), the sanction is punitive, and does not violate the statute.

We affirm the trial court.

GROSSE and BAKER, JJ., concur.

Review denied at 138 Wn.2d 1003 (1999).