2 P.3d 501 (2000)
101 Wash.App. 309
In the Interest of REBECCA K., A Minor.
In the Interest of Victor M., A Minor.
In the Interest of Derik E., A Minor.
Nos. 18016-6-III, 18032-8-III, 18265-7-III.
Court of Appeals of Washington, Division 3, Panel Four.
June 20, 2000.
*502 David L. Trick, Yakima, for Appellant.
Billy Kelley, April Morales, Nancy Engemann, Yakima, for Respondent.
Stephen H. Hassett, Sheila M. Huber, Assistant Attorneys General, Olympia, for Amicus Curiae.
KATO, J.
The court found the three minors here to be at-risk youths and entered a disposition order as to each. The minors violated their respective orders and were held in contempt. The court imposed a term of confinement on each minor as a sanction for the contempt. Claiming the court lacked the authority to impose confinement and violated their due process rights by doing so, the minors appeal.

FACTS
Rebecca K.: On September 2, 1998, the court found Rebecca K. to be an at-risk youth as defined in RCW 13.32A.030(2)(a) and (b). On September 23, the court entered a disposition order requiring her to do certain things. The court also found she had violated an earlier order and sentenced her to four days in detention with three days suspended.
Rebecca admitted violating the order. The court held her in contempt and imposed 11 days of detention with 3 days suspended.[1]
Victor M.: On August 5, 1998, the court found that Victor M. was an at-risk youth and entered an order requiring him to do several things. On August 12, a social worker claimed he had violated the terms of the order. The court found Victor had violated the order, held him in contempt, and imposed four days in detention with three days suspended. The court also entered a disposition order requiring him to comply with certain conditions.
On October 28, the court held a review hearing at which Victor's mother alleged he had failed to comply with the disposition order. The court treated her allegations as a motion for contempt. Victor admitted some, but denied the majority, of her allegations. The court found him in contempt and imposed a total of 10 days of detention, 7 days plus the prior 3 suspended days. Of the 10-day sentence, 8 days were suspended.[2]
Derik E.: On October 14, 1998, the court found Derik E. to be an at-risk youth. On *503 November 18, the court entered a disposition order requiring him to do certain things.
On January 8, 1999, Derik's mother filed a motion and order to show cause that he had violated the November 18 disposition order. He was brought to the show cause hearing from detention where he was serving time for violating a truancy order. The court found he had violated the disposition order and imposed three days in detention. This sentence was consecutive to the sentence imposed for his violation of the truancy order.[3]

DISCUSSION
The minors contend the court did not have authority to impose the sanction it did and violated their due process rights. Each at-risk youth petition has been dismissed and each minor has served his or her term of confinement. Therefore, the court can no longer provide effective relief and the issue is moot. See Washam v. Pierce County Democratic Cent. Comm., 69 Wash.App. 453, 458, 849 P.2d 1229 (1993), review denied, 123 Wash.2d 1006, 868 P.2d 872 (1994).
As a general rule, appellate courts will not decide moot questions or abstract propositions. Id. at 457, 849 P.2d 1229. But "a moot case may be decided if it involves a matter of continuing and substantial public interest." In re A.D.F., 88 Wash.App. 21, 24, 943 P.2d 689 (1997). "In determining whether an issue involves a sufficient public interest, we consider the public or private nature of the question, the need for future guidance provided by an authoritative determination, and the likelihood of recurrence." Id.
The question presented meets these criteria for nonetheless deciding a moot case. The public nature of the issue and the likelihood of recurrence are demonstrated by these cases, which involve the same question and indicate the need for future guidance. We thus choose to decide the issue presented in these moot cases.
The minors ask this court to review the contempt provision of the at-risk youth statute. To address the specific nature of their inquiry, it is helpful to review the general definitions of contempt. A person who intentionally disobeys a lawful court order is in contempt of court. RCW 7.21.010(1)(b). The current contempt statutes define contemptuous conduct without distinguishing between civil and criminal contempt; rather, a distinction is drawn between remedial and punitive sanctions. State v. Hobble, 126 Wash.2d 283, 292, 892 P.2d 85 (1995).
RCW 7.21.010(3) defines a remedial sanction as "a sanction imposed for the purpose of coercing performance when the contempt consists of the omission or refusal to perform an act that is yet in the person's power to perform." A punitive sanction is "a sanction imposed to punish a past contempt of court for the purpose of upholding the authority of the court." RCW 7.21.010(2). A remedial sanction is imposed for civil contempt, while a punitive sanction is imposed for criminal contempt. State v. Buckley, 83 Wash.App. 707, 711, 924 P.2d 40 (1996).
"In order to determine [if] a contempt sanction is civil or criminal, courts look to the substance of the proceeding and the nature of the relief the proceeding will afford." State ex rel. Shafer v. Bloomer, 94 Wash.App. 246, 251, 973 P.2d 1062 (1999).
If the purpose of the contempt sanction is punitive and results in a determinate jail sentence, with no opportunity for the contemnor to purge himself of the contempt, it is criminal. If the purpose of the sanction is to coerce compliance with a lawful court order, and a contemnor is jailed only so long as he fails to comply with such order, then the contempt is civil.
In re Personal Restraint of King, 110 Wash.2d 793, 799, 756 P.2d 1303 (1988). "An order of remedial civil contempt must contain a purge clause under which a contemnor has the ability to avoid a finding of contempt and/or incarceration for non-compliance." Shafer, 94 Wash.App. at 253, 973 P.2d 1062.
The minors contest the contempt orders imposed under the at-risk youth statute. In 1997, Division One of the Court of Appeals addressed whether the contempt provision of a former version of the at-risk youth statute was civil or criminal. A.D.F., 88 Wash.App. *504 21, 943 P.2d 689. Former RCW 13.32A.250(2),(3) (1996) provided:
(2) Failure by a party to comply with an order entered under this chapter is a contempt of court as provided in chapter 7.21 RCW, subject to the limitations of subsection (3) of this section.
(3) The court may impose a fine of up to one hundred dollars and confinement for up to seven days, or both for contempt of court under this section.
A.D.F. was found in civil contempt for disobeying an at-risk youth order. Because the contempt order did not contain a purge clause, she argued that the contempt was criminal rather than civil. As a result, her due process rights were violated since she was convicted and punished for criminal contempt without being properly charged. A.D.F., 88 Wash.App. at 23, 943 P.2d 689. Division One found that the trial court had imposed a determinate sentence based upon A.D.F.'s past violations of its "at risk youth order" without providing her an opportunity to purge the contempt. The court's sanction was thus punitive and based upon a finding of criminal contempt. The court reversed the order of contempt because the proceedings were not initiated as required by due process. Id. at 26, 943 P.2d 689.
In 1998, the Legislature amended RCW 13.32A.250(2) and (3):
(2) Failure by a party to comply with an order entered under this chapter is a civil contempt of court as provided in RCW 7.21.030(2)(e), subject to the limitations of subsection (3) of this section.
(3) The court may impose remedial sanctions including a fine of up to one hundred dollars and confinement for up to seven days, or both for contempt of court under this section.
RCW 7.21.030(2)(e) provides:
(2) If the court finds that the person has failed or refused to perform an act that is yet within the person's power to perform, the court may find the person in contempt of court and impose one or more of the following remedial sanctions:
....
(e) In cases under chapters 13.32A, 13.34, and 28A.225 RCW, commitment to juvenile detention for a period of time not to exceed seven days. This sanction may be imposed in addition to, or as an alternative to, any other remedial sanction authorized by this chapter. This remedy is specifically determined to be a remedial sanction.
The new statute specifically states that an order of contempt for disobeying an at-risk youth order is civil contempt and any sanction is remedial. The minors argue that despite the Legislature's specific reference to this sanction as remedial and contempt as civil, the court's orders punished them for past violations rather than coerced future performance and thereby constituted criminal contempt. They allege this action was unconstitutional because the contempt proceedings were not initiated in a manner which comported with due process.
When interpreting a statute, the court should give effect to the purpose of the Legislature. King County v. Taxpayers of King County, 104 Wash.2d 1, 5, 700 P.2d 1143 (1985). The intent behind the 1998 amendment was indicated in Laws of 1998, ch. 296, § 35:
The legislature finds that an essential component of the children in need of services, dependency, and truancy laws is the use of juvenile detentions. As chapter 7.21 RCW is currently written, courts may not order detention time without a criminal charge being filed. It is the intent of the legislature to avoid the bringing of criminal charges against youth who need the guidance of the court rather than its punishment. The legislature further finds that ordering a child placed in detention is a remedial action, not a punitive one. Since the legislature finds that the state is required to provide instruction to children in detention, use of the courts' contempt powers is an effective means for furthering the education and protection of these children. Thus, it is the intent of the legislature to authorize a limited sanction of time in juvenile detention independent of chapter 7.21 RCW for failure to comply with court orders in truancy, child in need of *505 services, at-risk youth and dependency cases for the sole purpose of providing the courts with the tools necessary to enforce orders in these limited types of cases because other statutory contempt remedies are inadequate.
The Legislature intended that any sanction imposed under RCW 13.32A.250(2) and (3) be remedial and therefore civil contempt.
The minors challenge the sanction imposed by the court. The problem here is not the statute, but the manner in which the court imposed the sanctions. In each case, the court imposed a determinate sentence, without a purge clause. The sentences were also for past violations. The purpose and nature of each sanction was punitive and thus constituted criminal contempt.
The State argues that the Legislature's intent in enacting the 1998 amendments nonetheless permits a court to hold minors in civil contempt and to impose determinate sentences. We disagree. The 1998 amendments to RCW 13.32A.250(2) and (3) were merely cosmetic. The Legislature inserted the word "civil" before contempt and "remedial" before sanction. But the statute specifically refers to RCW 7.21, the general contempt statute, so the rules and case law interpreting it are applicable. The trial court here imposed a determinate sentence, without a purge clause, on each minor because he or she had violated a court order. This is a punitive sanction. The fact that the Legislature termed it remedial does not change the nature of the sanction itself, no matter what it is called.
The holding in A.D.F. still applies and governs the outcome of these cases. In A.D.F., the court stated:
In A.D.F.'s case, the court imposed a determinate period of detention based on past violations of its "at risk youth" order without providing her an opportunity to purge the contempt. Under the above definitions, the court's sanction was punitive and based on a finding of criminal contempt.
A.D.F., 88 Wash.App. at 26, 943 P.2d 689. Criminal contempt proceedings must be initiated by a criminal information filed by the State in order to comply with due process. Id. The sanctions imposed by the court in each of these cases were punitive and the contempt was criminal. Because a parent rather than the State initiated the proceedings, the minors' due process rights were violated. See id. The orders of contempt and the sanctions imposed are reversed.
SWEENEY, A.C.J., and SCHULTHEIS, J., concur.
NOTES
[1] Rebecca's at-risk youth petition was dismissed on March 10, 1999.
[2] Victor's at-risk youth petition was dismissed on March 31, 1999.
[3] Derik's at-risk youth petition was dismissed on May 5, 1999.