IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 31943-1-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RICHARD M. PAYNE, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

BROWN, J. – Criminal defense attorney David Hearrean separately appeals the

Spokane Superior Court's RCW 7.21.010 civil contempt finding issued during his

representation of Richard M. Payne in a more than year old prosecution for three sex

crimes. Mr. Hearrean contends the trial court erred in finding him in contempt for his

failure to appear at a presentment hearing and failed to place purge conditions in its

contempt order. He argues here, as he did before the trial court, his failure to appear

was unintentional and unavoidable based on a medical condition.

We decide the contempt order, including provision for a co-counsel in the

continued criminal case to avoid further trial delay, was properly within the trial courts

case management discretion and the contempt orders were self-purging. Because Mr.

Hearrean failed to timely submit a required declaration explaining his absence and

failed to timely submit medical documentation satisfactory to the court as ordered, we

conclude the trial court did not err in finding contempt. Even so, because Mr. Payne's

case was concluded with the assistance of the required co-counsel, and the contempt orders were self-purging, we conclude the matter is now moot. Accordingly, we dismiss this appeal.

## FACTS

Mr. Payne's trial date was set for July 29, 2013 after multiple continuances. He successfully requested another continuance to August 19, 2013 due to Mr. Hearrean's planned vacation beginning August 10. The court scheduled a presentment hearing on August 1, 2013 to enter findings of facts and conclusions of law regarding prior rulings it made on the CrR 3.5 hearing, the ER 404(b) hearing, a motion to dismiss, a motion to vacate child hearsay, and a motion for additional discovery. The night before, Erica Hearrean, legal assistant and Mr. Hearrean's wife, e-mailed the court and the parties expressing her displeasure with the trial setting interfering with their scheduled vacation.

On July 29, 2013, Mr. Hearrean's doctor prescribed new medication for high blood pressure. During the afternoon hours of July 31, 2013, Mr. Hearrean claims he suffered side effects from the new medication including dizziness, chest pains and poor focus and memory. As a result, he was not present at the August 1, 2013 presentment hearing. Instead, attorney Erika Snyder attended the hearing and asked the court for a continuance based upon Mr. Hearrean's condition.

The trial court directed Mr. Hearrean to write a declaration under penalty of perjury explaining the reason for his absence together with a doctor's note due at 3:00 that afternoon. When Mr. Hearrean failed to provide the declaration or a doctor's

2

explanation, the court continued the matter another day. On August 2, 2013, Mr. Hearrean did not provide the requested declaration, but provided a letter from Dr. Donald Condon, stating Mr. Hearrean was advised to cease all work for two weeks due to medical concerns, but without explaining the concerns.

On August 16, 2013, the court set a contempt show cause hearing. Mr. Hearrean appeared. By then, three letters from Dr. Condon had been received by the court, but all three were vague about Mr. Hearrean's condition. Mr. Hearrean still had not filed the requested declaration. The court noted, "The court was notified at the last minute of Mr. Hearrean's inability to appear. Thereafter Mrs. Hearrean has staunchly and consistently advised the court Mr. Hearrean would not appear. Mr. Hearrean has not directly advised the court of anything. No information given to the court about his condition other than conclusory statements that he could not work." Report of Proceedings (RP) (Aug. 16, 2013) at 37. The court then stated, "Those statements, in conjunction with the very serious trial issues we have in this case, and the fact that this case, as we sit today, is approximately 14 months old, were of concern to the court." *Id.*

On August 19, 2013, the court entered an order on the show cause hearing, finding Mr. Hearrean in contempt of court under RCW 7.21.010(1)(b) and (1)(d). The court ordered sanctions including that if Mr. Hearrean decided to continue as trial counsel, he must, at his expense, employ co-counsel who is equally prepared to try this case if Mr. Hearrean is unable to proceed. Mr. Hearrean associated Ms. Snyder to assist with trial. Apparently the case was continued again to September 30, 2013.

3

Additionally, the trial court reserved its decision on recoupment for the State of airline ticket costs for witnesses scheduled at the continued trial date. The record does not show any action on this reserved sanction. Mr. Hearrean filed this appeal on September 13, 2013. His reconsideration motion was denied by amended order on October 1, 2013 on the basis that it was not timely filed.

Apparently trial finally began on September 30 and concluded in early October 2013 with a jury verdict against Mr. Payne on all counts. *See State v. Payne*, no. 32096-1-III. On October 8, 2013, our record shows Mr. Hearrean and his doctor filed detailed declarations; the record does not show any court response to the detailed declarations or further action concerning Mr. Hearrean's contempt. Nothing in our record shows any remaining sanctions against Mr. Hearrean.

## ANALYSIS

The sole issue on appeal is whether the trial court erred by abusing its discretion in finding Mr. Hearrean in contempt. Mr. Hearrean contends no intentional act justified contempt and he did not have the means or ability to comply with the court's directive. He further argues the contempt order is invalid because it did not contain a purge clause.

We review a contempt order under RCW 7.21.010 for abuse of discretion. *Moreman v. Butcher*, 126 Wn.2d 36, 40, 891 P.2d 725 (1995). A court abuses its discretion when its decision is based on untenable grounds or is made for untenable reasons. *Id.*

4

The trial court found Mr. Hearrean in contempt under RCW 7.21.010(1)(b) and (1)(d). Subsection (1)(b) relates to "[d]isobedience of any lawful judgment, decree, order, or process of the court" and subsection (1)(d) relates to "[r]efusal, without lawful authority, to produce a record, document, or other object." RCW 7.21.010.

Under RCW 7.21.010(1), all acts must be "intentional." Mr. Hearrean claims he did not intentionally fail to provide the requested declaration or doctor's explanation. This claim, however, is not supported by the record. Mr. Hearrean required a continuance for a vacation, which the court granted. His wife then contacted the court about her frustration with matters being scheduled close to their vacation. Mr. Hearrean then developed a sudden illness and could not attend a presentment hearing. The court, reasonably, wanted a short declaration explaining the situation for the record and a doctor's explanation of the medical condition. While over the next multiple weeks three letters were drafted by Mr. Hearrean's doctor, none addressed what medical condition rendered Mr. Hearrean unable to draft a brief declaration. Mr. Hearrean continued to refuse to draft the required declaration even to the day of the show cause contempt hearing. It is inconceivable with all the communication shown in this record between the parties and the court that Mr. Hearrean did not know what was required of him. The trial court could reasonably conclude Mr. Hearrean chose not to provide the required documents. This satisfies the intent requirement in RCW 7.21.010.

Mr. Hearrean next contends he lacked the means or ability to comply with the court's order. The law presumes an individual is capable of performing the actions

required under a court order. *In re Pers. Restraint of King*, 110 Wn.2d 793, 804, 756 P.2d 1303 (1988). An affirmative defense to noncompliance would be an inability to comply. *Id.* The party challenging a finding of contempt has the burden to show his or her inability to comply with the court order. *Id.* The contemnor "must offer evidence as to his inability to comply and the evidence must be of a kind the court finds credible." *Id.*

Up until the day before the presentment hearing, Mr. Hearrean appeared medically capable of representing Mr. Payne. The court then was notified Mr. Hearrean could not proceed, but the court was unable to obtain specific information from Mr. Hearrean or Dr. Condon as to why. The trial court even told Mr. Hearrean what sort of evidence the court would find credible. The trial court wanted a document from Mr. Hearrean, signed under penalty of perjury that explained the situation. Mr. Hearrean did not provide that document. The court wanted an explanation of his medical condition that rendered him unable to continue for a time period. This was not provided. Because the law presumes an individual is capable of performing the actions required under a court order, Mr. Hearrean was required to provide more than bald assertions that he cannot comply. *King*, 110 Wn.2d at 804. Mr. Hearrean did not meet his burden of proof in showing he lacked the means or ability to comply with the court's order.

Mr. Hearrean next argues the contempt order is invalid because it does not contain a purge clause. A judge may impose sanctions after a contempt finding under RCW 7.21.020. The sanctions may be punitive (sanctions imposed to punish) or remedial (sanctions imposed to coerce performance). RCW 7.21.010(2) and (3). In

6

general, sanctions "'must contain a purge clause under which a contemnor has the ability to avoid a finding of contempt and/or incarceration for non-compliance.'" *In re Interest of Rebecca K.*, 101 Wn. App. 309, 314, 2 P.3d 501 (2000) (quoting *State ex rel. Shafer v. Bloomer*, 94 Wn. App. 246, 253, 973 P.2d 1062 (1999)).

Here, Mr. Hearrean was ordered to retain co-counsel "at his own expense" "to try the case if Mr. Hearrean cannot do so" to avoid a delay in the trial in the event Mr. Hearrean became ill again. RP at 61. This sanction entailed a specific condition expiring at the end of trial. Indeed, the matter is now over and the sanction is no longer in effect; it has been purged. Accordingly, the trial court properly imposed sanctions under RCW 7.21.010 and properly set a time limit (or time of purge) at the end of trial.

Given all, the trial court had tenable grounds to find Mr. Hearrean in contempt of court and did not abuse its discretion. Moreover, we note this appeal is moot. A matter is moot when a court can no longer provide effective relief. *State v. Ross*, 152 Wn.2d 220, 228, 95 P.3d 1225 (2004). Our record shows the sanctions were self-purging at the completion of the trial. Mr. Hearrean does not provide argument concerning recoupment of costs. Additionally, our record shows a declaration from Mr. Hearrean drafted in late August. Although a trial court stamp showing it was filed is not on the front page, it is assumed the declaration was brought to the court's attention. Our record also shows a later-filed detailed declaration from Dr. Condon. This further shows the matter was purged. Since there is no additional relief this court can provide, the matter is moot.

7

No. 31943-1-III
*State v. Payne*

Dismissed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Brown, J.

WE CONCUR:

_____      _____
Siddoway, C.J.                                    Lawrence-Berrey, J.