Argued and submitted June 11, 2008, affirmed January 21, 2009

## OUTBACK PROPERTIES, LLC,
an Oregon corporation,
*Plaintiff-Appellant,*

*v.*

## Wesley S. JOHNSON,
an individual,
*Defendant-Respondent.*

Clackamas County Circuit Court
CV05100337; A135519

201 P3d 246

J. Jason Marquoit argued the cause and filed the briefs for appellant.

Wesley S. Johnson argued the cause and filed the brief *pro se*.

Before Landau, Presiding Judge, and Schuman, Judge, and Ortega, Judge.

ORTEGA, J.

## ORTEGA, J.

This dispute arose after plaintiff purchased certain real property in a trustee's sale and then learned that, because of a lack of notice of the sale, a junior lienholder retained an interest in the property. Plaintiff sued defendant, the trustee, for negligence and breach of contract. The trial court granted summary judgment in favor of defendant. Plaintiff appeals. For the reasons set forth below, we affirm.

We understand the following facts to be undisputed. The property at issue was the subject of a trust deed that eventually was assigned to Montgomery. After the execution and recording of the trust deed, Ell obtained and recorded an interest in the property. Ell thus held a lien junior to the trust deed.

The property owners defaulted on the debt secured by the trust deed. Montgomery hired defendant to collect the debt and appointed him successor trustee. Defendant began proceedings to foreclose by advertisement and sale, as provided under ORS 86.735, and learned that Ell was a junior lienholder.

ORS 86.740(1)(c) requires notice to any person "having a lien or interest subsequent to the trust deed if the lien or interest appears of record or the beneficiary has actual notice of the lien or interest." Because Ell died in 1996, years before the foreclosure at issue, ORS 86.740(3)(a) requires notice to the personal representative of his estate.[1] Under ORS 86.742(1), if the trustee fails to give notice and the omitted lienholder did not have actual notice, "such omitted person shall have the same rights possessed by the holder of a junior lien or interest who was omitted as a party defendant in a judicial foreclosure proceeding * * *." The omitted lienholder has five years from the date of the trustee's sale to redeem the property or commence an action against the trustee. ORS 86.742(6). An omitted lienholder may recover damages from the trustee if the lienholder can prove, among other things,

---

[1] The amended notice of default in this case was recorded on November 17, 2003. The 2005 legislature amended ORS 86.740. Or Laws 2005, ch 129, § 1. The amendments do not affect our analysis here; accordingly, we cite the current version.

that "[t]he omitted person could and would have cured the default under ORS 86.753." ORS 86.742(2)(c).

Defendant had no address for Ell and "made a decision to not investigate the matter further," reasoning that, "if the foreclosure actually went through, * * * the problem could be corrected with an omitted lienholder proceeding." Defendant prepared an Amended Notice of Default and Election to Sell, which stated that Ell was a mortgagee and his address was unknown. Defendant also prepared an affidavit of mailing reflecting the persons to whom the amended notice had been sent; the affidavit did not indicate that defendant sent notice to Ell or to Ell's estate. The amended notice and affidavit of mailing were recorded.

A few days before the sale, plaintiff purchased Montgomery's interest in the property and thus became the beneficiary of the trust deed. The day after the assignment to plaintiff was executed, defendant faxed plaintiff copies of the amended notice and the affidavit of mailing, among other documents. Defendant did not point out to plaintiff the lack of notice to Ell's estate.

Plaintiff purchased the property at the sale. About one week later, defendant executed and delivered to plaintiff a trustee's deed, which plaintiff had drafted. As required by ORS 86.755(4), the trustee's deed stated, in part:

"NOW THEREFORE, in consideration of the said sum so paid by [plaintiff] in cash, the receipt whereof is acknowledged, and by the authority vested in said Trustee by the laws of the State of Oregon and by said Trust Deed, the Trustee does hereby convey unto [plaintiff] all interest which the grantor has or had the power to convey at the time of grantor's execution of said Trust Deed, together with any interest the said grantor or his successors in interest acquired after the execution of said Trust Deed for the previously described property * * *."

Because Ell's estate had not been notified of the foreclosure, the estate's interest was not extinguished, and the property remained subject to a $45,000 lien. Plaintiff demanded that defendant cure the title defect; after he refused to do so, plaintiff paid Ell's estate $27,500 to release the lien.

Plaintiff then sued defendant. In the operative complaint, plaintiff asserted claims for negligence and breach of contract. On cross-motions for summary judgment, the trial court granted defendant's motion and entered judgment accordingly. Plaintiff appeals.

■    In the first assignment of error, plaintiff contends that the trial court erred in granting summary judgment on the negligence claim. Plaintiff contends that defendant negligently failed to provide plaintiff with actual notice of the defect in the foreclosure proceedings. Defendant responds that he owed no duty to plaintiff "other than to give the deed." We conclude that, under the circumstances, defendant owed no duty to inform plaintiff of the defect in notice as to Ell's interest.

■    Liability in negligence for purely economic harm requires the existence of some duty beyond the ordinary duty to use reasonable care. *Loosli v. City of Salem*, 345 Or 303, 308, 193 P3d 623 (2008). Here, plaintiff, who was both the trust deed beneficiary and the purchaser of the property, contends that, "[a]s a result of their trustee-beneficiary relationship, a special relationship existed between plaintiff and defendant, which required * * * defendant to avoid negligently injuring * * * plaintiff's economic interests." The damages that plaintiff alleges, however, arose from plaintiff's role as *purchaser* at the foreclosure sale, not from plaintiff's role as beneficiary. Plaintiff offers no persuasive argument that defendant failed to satisfy his obligations to plaintiff as beneficiary[2] or that a trustee has a duty to further the economic interests of a purchaser. We therefore reject plaintiff's first assignment of error.

■    In its second assignment of error, plaintiff argues that the trial court erred by granting summary judgment on its breach of contract claim. Plaintiff contends that the trustee's deed is a contract in which defendant purported to

_____

[2] Plaintiff contends that "the beneficiary expects that the trustee, when commencing foreclosure proceedings, will either obtain clear title to the property, or the payment of the amount secured by the trust deed." In this case, we do not understand there to be any dispute that the sale proceeds provided payment of the amount secured by the trust deed. Accordingly, as plaintiff has framed the duty that a trustee owes a beneficiary, that duty was satisfied.

convey the property free of liens and that, because of the lack of notice to Ell's estate, plaintiff did not receive the estate that it bargained for. In plaintiff's view, the deed—specifically, the portion of the deed that states that defendant "does hereby convey * * * all interest which the grantor has or had the power to convey at the time of grantor's execution of said Trust Deed"—contains a warranty of title, and such a warranty is required by ORS 86.755(4). Plaintiff contends that "[t]he terms of the trustee's deed created a warranty of title when read within the deed's four corners, and that warranty was violated when the deed did not actually convey all that it purported to convey." Defendant responds that, under ORS 93.140, no covenant is implied in a conveyance—except as provided by specific statutes that do not apply here—and that the trustee's deed contained no covenant. Because a covenant is distinct from a conveyance, we agree with defendant that the trustee's deed—which does not contain any words like "covenant" and "warrant"—conveyed the grantor's interest without any warranty of title.

In ORS 93.140, the legislature limited the circumstances in which a covenant of title may be implied in the transfer of land. *Yepsen v. Burgess*, 269 Or 635, 637, 525 P2d 1019 (1974). ORS 93.140 provides, "No covenant shall be implied in any conveyance of real estate, whether it contains special covenants or not, except as provided by ORS 93.850 to 93.870." Construing ORS 93.140, the Supreme Court explained that the term "covenants," when used in connection with the conveyance of land, "ordinarily refers to the quality of title, such as the modern covenants of warranty, quiet enjoyment, seisin and against encumbrances, or the ancient covenants of right to convey and for further assurance." *Yepsen*, 269 Or at 637 (footnote omitted). Under ORS 93.140, therefore, a conveyance does not imply a covenant against encumbrances, except as provided in ORS 93.850 to 93.870.

Those sections provide permissible forms for warranty deeds, special warranty deeds, bargain and sale deeds, and quitclaim deeds. They differentiate between conveying property and providing a warranty or covenant. For example, in a warranty deed, a grantor "conveys and warrants" property "free of encumbrances" except as set forth in the deed.

ORS 93.850(1). The effect of a warranty deed is to "convey the entire interest in the described property," ORS 93.850(2)(a), and to include a covenant that "the property is free from encumbrances except as specifically set forth on the deed," ORS 93.850(2)(c)(B). By contrast, a bargain and sale deed provides only that a grantor "conveys" property. ORS 93.860(1). Such a deed "shall convey the entire interest in the described property," ORS 93.860(2)(a), but "shall not operate to provide any covenants of title in the grantee and the successors of the grantee," ORS 93.860(3). *See also Winters v. County of Clatsop*, 210 Or App 417, 422, 150 P3d 1104 (2007) ("The essential purpose of a bargain and sale deed is to convey whatever title the seller has, without providing a warranty on the seller's part of the nature or quality of that title.").

■ Those distinctions between "convey" and "covenant" are consistent with the well-understood legal meaning of the terms. To "convey" means "[t]o transfer or deliver (something, such as a right or property) to another, esp. by deed or other writing; esp., to perform an act that is intended to create one or more property interests, regardless of whether the act is actually effective to create those interests." *Black's Law Dictionary* 357 (8th ed 2004); *see also Friends of Parrett Mountain v. Northwest Natural*, 336 Or 93, 107, 79 P3d 869 (2003) (citing *Black's* for a "well-understood legal meaning" of a term where no statutory definition existed). A "covenant" refers to "[a] promise made in a deed or implied by law; esp., an obligation in a deed burdening or favoring a landowner." *Black's* at 392. A "covenant for title" means "[a] covenant that binds the grantor to ensure the completeness, security, and continuance of the title transferred. • This covenant usu. includes the covenants for seisin, against encumbrances, for the right to convey, for quiet enjoyment, and of warranty." *Id.* at 393. A "warranty" in property law generally means "[a] covenant by which the grantor in a deed promises to secure to the grantee the estate conveyed in the deed, and pledges to compensate the grantee with other land if the grantee is evicted by someone having better title." *Id.* at 1618. More specifically, a "warranty of title" is "[a] warranty that the seller or assignor of property has title to that property, that the transfer is rightful, and that there are no liens or other

encumbrances beyond those that the buyer or assignee is aware of at the time of contracting." *Id.* at 1620. A promise to "convey" property thus is distinct from a promise that the property conveyed is free from encumbrances.

■     Here, the conveyance of property under the trustee's deed at issue contains no express covenant as to the quality of title, nor did ORS 86.755(4) require such a covenant. As noted, the trustee's deed at issue states, in part, that defendant "convey[s] unto [plaintiff] all interest which the grantor has or had the power to convey at the time of grantor's execution of said Trust Deed, together with any interest the said grantor or his successors in interest acquired after the execution of said Trust Deed." That deed is consistent with the requirements of ORS 86.755(4), which provides:

> "The trustee's deed shall convey to the purchaser the interest in the property which the grantor had, or had the power to convey, at the time of the execution by the grantor of the trust deed, together with any interest the grantor or the grantor's successors in interest acquire after the execution of the trust deed."

That deed conveys an interest without any express covenant of the quality of title. Under ORS 93.140, no covenant is implied. Although the property remained subject to Ell's interest, the continuation of that encumbrance was not contrary to the provisions of the trustee's deed. Accordingly, the trial court did not err by granting defendant's motion for summary judgment.

Affirmed.